UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**,<br><br>        Plaintiff,<br>v.<br><br>**SHREE RAM, K., INC.,** an Ohio corporation for profit<br><br>        Defendant. | Case No. 3:25-cv-311<br><br>Judge: |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff, Leland Foster, individually, by and through the undersigned co-counsel, Owen B. Dunn, Jr. and Brian A. Hizer, hereby files this Complaint against Defendant Shree Ram, K., Inc., an Ohio corporation for profit for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United

1

States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff") is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Shree Ram, K., Inc. operates and owns a Days Inn Dayton Huber Heights located at 7761 Old Country Ct, Dayton, OH 45424 in Montgomery County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. The hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 1997 and granted permits for occupancy in 1997, as well as underwent alteration and renovations in 2011, and is non-compliant with the remedial provisions of the 1991 ADA Standards for Accessible Design for newly designed and constructed or altered facilities or 2020 ADA Standards as applicable. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. The facilities owned and operated by Shree Ram, K., Inc. are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

8. The discriminatory violations described in Paragraph 18 by Defendant Shree Ram, K., Inc. are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to access for people with disabilities. The plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

9. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

10. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair

for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has been an overnight hotel guest at the property that forms the basis of this lawsuit, most recently on or about June 3-4, 2023, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

11. Plaintiff is a former Wright State University student, visits many friends in the area surrounding Wright State University, as well as Fairborn, Ohio (where he formerly resided) and Dayton, and attends many disability seminars, job fairs, events at Wright State University, and trade shows and conventions held in the area.

12. During the Plaintiff's overnight stay, most recently on the night of October 7, 2024, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of Days Inn Dayton Huber Heights, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Accessible Routes

A. The passenger loading zone lacks a marked access aisle, in violation of the ADA and Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. Designated parking access aisles do not lead to an accessible route due to the presence of curbs, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C. Designated accessible parking has not been maintained as evidenced by fading paint and asphalt damage, in violation of the ADA and 49 CFR 37.161, whose remedy is readily achievable.

D. Designated accessible parking spaces lack required signage, in violation of the ADA and Section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or, at minimum, readily achievable.

Access to Goods & Services

E. The walk-up service counter exceeds allowable height range, in violation of the ADA and Section 904.4 of the 2010 Standards and section 7.2 of the 1991 ADAAG, whose remedy is strictly required or, at minimum, readily achievable.

Mobility Accessible Guest Rooms generally

F. There hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers several different types of rooms in different class, suites, and various bed arrangements. However, guests who require mobility accessible accommodations are restricted to an accessible King bed room, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes including two (2) queen beds and one (1) king bed suite. This is in violation of the ADA and section 224.5 of the 2010 Standards and section 9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

G. There are no mobility accessible guestrooms fitted with a roll-in shower, whereas, for a hotel with 52 guestrooms such as this Days Inn property, one (1) is required. This is in violation of the ADA and Table 224.2 of the 2010 Standards and section 9.1.2 of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

H. Leland Foster believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room 105). Including the other bathtub fitted mobility accessible guestrooms and roll-in shower fitted mobility accessible guestrooms (if any).

I. Per published photos of the hotel's operator online, some mobility accessible guestrooms have flush controls that are not located on the open side of the toilet as well as have rear grab bar that is not 26 inches in length, in violation of the ADA and Sections 604.6 and 604.5.2 of the 2010 Standards and 1991 ADAAG Sections 4.16.4 and 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

Designated Mobility Accessible Guestroom #105

J. Door locking hardware is located in excess of allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

K. The shower sprayer is mounted and located above allowable reach range and does not have on/off controls and a non-positive shutoff, in violation of the ADA and Sections 607.6 and 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

L. The robe hook on the bathroom door is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

M. The water closet rear grab bar does not extend at least 24 inches from the centerline of the water closet toward the open side, in violation of the ADA and Section 604.5.2 of the 2010 Standards and Section 4.16.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

N. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

O. The lavatory sink faucet does not have required clear floor space to the element for a forward approach as a result of a permanent bench, in violation of the ADA and Sections 305 and 606.2 of the 2010 Standards and 1991 ADAAG Section 4.2.4, whose remedy is strictly required or, at minimum, is readily achievable.

P. The curtain adjusters require tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

Q. Lamp hardware requires tight grasping or twisting to operate and is located above allowable reach range, in violation of the ADA and sections 309.4 and 308.2.1of the 2010 Standards and 1991 ADAAG sections 4.27.4 and 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

R. There are amenities, including the iron and ironing board, located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

S. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA, whose remedy is strictly required or at minimum is readily achievable.

T. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

17. The discriminatory violations described in Paragraph 16 by Defendant is not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has

otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel at issue, as owned and operated by Shree Ram, K., Inc., constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 *et seq.*

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. Shree Ram, K., Inc. owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

25. Defendant committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's property has been constructed and maintained without regard to the ability of patrons with mobility impairment, such as Mr. Foster specifically, to use their hotel facilities, including the transient lodging guestroom bathroom and bathing facilities, without difficulty and limitations.

26. Defendant's acts are willful, severe and ongoing.

27. Pursuant to O.R.C. § 4112.02, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

    Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr.  (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
obdjr@owendunnlaw.com

And

Brian A. Hizer, Esq. (0075033)
Law Office of Brian A. Hizer
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
Phone : 419-841-3600
Fax : 419-842-9966
Email: brianahizer@bex.net